UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

May 19, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **CM**
DEPUTY

| | | |
|---|---|---|
| MATTHEW BURGE | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 5:26-CV-00921-MA |
| | § | |
| | § | |
| UNITED SERVICES AUTOMOBILE | § | |
| ASSOCIATION ("USAA") AND USAA | § | |
| SEVERANCE PLAN, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

The Court now considers the Opposed Motion to Dismiss and Compel Arbitration[1] filed by Defendants United Services Automobile Association ("USAA") and USAA Severance Plan (the "Severance Plan") (collectively, "Defendants"); Plaintiff Matthew Burge's response;[2] and Defendants' reply[3] and subsequent motion requesting a hearing on the matter.[4] In their motions, Defendants argue that the parties are bound by an enforceable arbitration agreement and request that the Court compel arbitration and dismiss the instant action pursuant to 9 U.S.C. §§ 3–4. After considering the filings, record, and relevant authorities, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

I.    **FACTUAL BACKGROUND**

This is an employment discrimination and reemployment rights case. Plaintiff alleges he was denied promotions, underpaid, misclassified, and ultimately terminated rather than properly

---

[1] Dkt. No. 8.
[2] Dkt. No. 10.
[3] Dkt. No. 11.
[4] Dkt. No. 12.

reemployed following his military service in October 2023.[5]

Plaintiff commenced this action on February 12, 2026, alleging: (1) violations of Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and Texas military-leave and reemployment statutes through discriminatory adverse actions based on his military service, failure to restore him to his protected reemployment and seniority rights, unlawful discharge within the statutorily protected period, and wrongful denial of military leave benefits; and (2) breach of his employment contract by unilaterally reducing his pay, misclassifying his role, excluding military service from severance, benefits, and compensation calculations, and refusing to pay contingent compensation owed upon his return.[6]

In connection with his employment, Plaintiff consented by electronic signature to Defendant USAA's Dispute Resolution Program Agreement ("DRPA"). Therein, Plaintiff agreed as follows:

> . . . as a condition of my employment, I agree to be bound by the terms and provisions of Dialogue: The USAA Dispute Resolution Program. I have reviewed the Dialogue Description and Rules for Arbitration and Mediation. I agree to be bound by the terms and provisions of Dialogue. I understand that **any dispute covered by the Dialogue Program that cannot be resolved by mutual agreement, and which involves a legally protected right, must be submitted to final and binding arbitration, instead of to the court system. This includes any disputes relating to consideration of my employment application, resume, online profile, and/or any other information that I have submitted in an effort to be considered for employment with USAA, my employment (if I am hired), and any termination of my employment (including events that may occur after any such termination of employment) and includes claims arising under federal and state law such as discrimination and retaliation**. I understand that this means that USAA and I are waiving any right we may have to bring a lawsuit in court and to a jury trial concerning any dispute covered by the Dialogue Program.[7]

---

[5] Dkt. No. 1, at 4–10.
[6] Dkt. No. 1 at 10–14.
[7] Dkt. No. 8-1, at 6 (emphasis added).

The agreement does not explicitly invoke the rights established under the Federal Arbitration Act ("FAA") or incorporate the rules of the American Arbitration Association ("AAA").[8] Nevertheless, Defendants assert that the FAA governs the DRPA and mandates arbitration of all of Plaintiff's claims.[9] As support for their argument, Defendants offer: (1) a sworn declaration from USAA's Executive Director of Human Resources Operations, stating that Plaintiff executed the DRPA on August 6, 2019 "via electronic signature";[10] and (2) a copy of the DRPA stamped with Plaintiff's electronic signature, time-stamped as having been executed on August 6, 2019, at "3:27:46 GMT."[11]

Plaintiff argues that his claims should not be subject to arbitration because the DRPA is procedurally and substantively unconscionable and undermines the rights and remedies established in USERRA.[12] Plaintiff additionally challenges the Severance Plan's right to compel arbitration on the ground that the Severance Plan was not a signatory to the DRPA.[13]

Defendants have also moved for a hearing on their motion to compel arbitration.[14] The Court concludes that the parties' written submissions and the existing record are sufficient to resolve the issues presented and that no hearing is necessary. Accordingly, Defendants' request for a hearing is **DENIED**.

## II.    DISCUSSION

The FAA governs all contracts involving interstate commerce that contain arbitration

---

[8] *See* Dkt. No. 8-1, at 6.
[9] Dkt. No. 8, at 4.
[10] Dkt. No. 8-1, at 1–4.
[11] Dkt. No. 8-1, at 6.
[12] Dkt. No. 10, at 3–6.
[13] Dkt. No. 10, at 6.
[14] Dkt. No. 12.

clauses.[15] When assessing whether an arbitration agreement compels the arbitration of a given dispute, "the court [first] asks whether there is a valid agreement to arbitrate and, second, whether the current dispute falls within the scope of a valid agreement."[16]

Under the FAA, when a party fails to arbitrate under a written arbitration agreement, the aggrieved party may petition the Court to compel arbitration.[17] "The FAA reflects the fundamental principle that arbitration is a matter of contract."[18] Thus, agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[19] "[A]ny doubts concerning the scope of arbitral issues should be resolved in favor of arbitration."[20]

### a. Unconscionability

Plaintiff asserts that the DRPA is "void" and procedurally and substantively unconscionable because: (1) Plaintiff was on military duty out-of-state at the time it was allegedly executed, making assent impossible; (2) the agreement was imposed as "a non-negotiable, adhesive precondition . . . without meaningful opportunity to bargain or opt out"; and (3) the agreement "e imposes an internal progression . . . controlled by USAA before reaching "External Arbitration," . . . render[ing] the agreement one-sided . . . ."[21]

The Court is unpersuaded that Plaintiff's execution of the DRPA was procedurally unconscionable. Texas law recognizes the clear legal effect and enforceability of electronic

---

[15] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) ("Section 2 [of the FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary . . . applicable to any arbitration agreement within the coverage of the Act.").
[16] *Edwards v. DoorDash, Inc.*, 888 F.3d 738, 743 (5th Cir. 2018).
[17] 9 U.S.C. § 4.
[18] *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010).
[19] 9 U.S.C. § 2.
[20] *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 (2010) (internal citations omitted).
[21] Dkt. No. 10, at 4.

signatures.[22] As Defendants correctly observe, Plaintiff offers no explanation as to how the fact that he was out-of-state when he electronically executed the DRPA creates an "irreconcilable timing and location conflict that undermines authenticity and formation."[23]  Absent anything more substantive that Plaintiff's assertion that his electronic signature was inauthentic or procedurally improper due solely to its timing, the Court is not persuaded that the circumstances surrounding the DRPA's execution were procedurally unconscionable.

Nor is the Court persuaded that the DRPA is substantively unconscionable.  Both the Fifth Circuit and the Texas Supreme Court have made clear that an employer may condition new or continued at-will employment on acceptance of a binding, "take-it-or-leave-it" arbitration agreement.[24]  Moreover, a contract that requires an employer and employee to engage in preliminary, internal grievance resolution processes does not render the agreement impermissibly one-sided where both parties are ultimately bound by neutral arbitration at the final stage of dispute resolution.[25]  Accordingly, the Court finds that Plaintiff has failed to carry his burden to demonstrate unconscionability.[26]

### b.  Undermining Statutory Rights and Remedies

Plaintiff next argues that compelling arbitration under the DRPA would improperly restrict and obscure the protections and remedies available to servicemembers under USERRA and Texas law.[27] The Fifth Circuit has explicitly held that "USERRA's purposes can be fully realized through

---

[22] TEX. BUS. & COM. CODE § 322.007(a).

[23] Dkt. Nos. 10, at 3–4; 11, at 2 (citing *Green v. Infosys, Ltd.*, No. 4:17-CV-00432, 2018 WL 1046637, at *5 (E.D. Tex. Feb. 26, 2018)).

[24] *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 301 (5th Cir. 2004) (citing *In re Halliburton Co.*, 80 S.W.3d 566, 571 (Tex. 2002)).

[25] *See* Dkt. No. 8-1, at 6.

[26] Carter, 362 F.3d at 301 (citing *Halliburton*, 80 S.W.3d at 572 ("The burden of proving unconscionability rests on the party seeking to invalidate the arbitration agreement.")).

[27] Dkt. No. 10, at 5–6.

arbitration," the Court finds that this argument, too, is unpersuasive.[28] The DRPA's terms control the forum through which claims are processed, not the scope of available relief. In light of this, the Court finds that USAA has shown by a preponderance of the evidence that a valid contract was formed between it and Plaintiff.

The Court further concludes that the DRPA encompasses Plaintiff's claims against **USAA** in this action. The agreement expressly covers "employment-related disputes (including, for example, claims for discrimination under federal and state law) between USAA and its employees and applicants for employment," including disputes relating to "my employment (if I am hired), and any termination of my employment (including events that may occur after any such termination of employment)."[29] All seven of Plaintiff's counts against USAA are employment-related disputes that arise from Plaintiff's job classification, pay, training, opportunities for advancement, discharge, and severance benefits, and therefore arise out of either Plaintiff's employment or termination thereof. By its terms, however, the DRPA is a contract between Plaintiff and USAA alone and does not identify the Severance Plan as a party or otherwise purport to bind or confer rights upon it.[30] Accordingly, while the DRPA requires arbitration of the entirety of Plaintiff's claims as to USAA, it does not, by its own language, extend that obligation to the Severance Plan.

### c. Non-Party Right to Compel Arbitration

Plaintiff finally contends that because the Severance Plan is a separate ERISA-governed entity that never signed the DRPA, it cannot compel arbitration of Plaintiff's claims against it.[31]

---

[28] *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 681 (5th Cir. 2006) (compelling USERRA claims to arbitration where the relevant arbitration agreement covered all "claims arising out of cessation of employment . . . .").
[29] Dkt. No. 8-1, at 6.
[30] *See* Dkt. No. 8-1, at 6.
[31] Dkt. No. 10, at 6.

The Court agrees, and Defendants do not contest,[32] that the Severance Plan is a non-signatory to the DRPA. Defendants nevertheless assert that Plaintiff's claims against the Severance Plan should be compelled to arbitration by equitable estoppel because the Severance Plan provided notice to Plaintiff in his adverse determination letter denying reconsideration of his severance benefits that any disputes "related to the benefits provided under the Severance Plan must be commenced within one (1) year . . . through Arbitration, as defined in and governed by The USAA Dispute Resolution Program."[33]

The Court is not persuaded that a post-hoc letter expressing an intent to require arbitration only after an adverse benefits determination has been reached has any meaningful bearing on whether the determination is arbitrable. However, the Court need not further address this argument because it concludes on other grounds that Plaintiff's claims against the Severance Plan must be submitted to arbitration.

Numerous courts recognize an intertwined claims estoppel, under which a non-signatory may compel arbitration where: (1) there is a close relationship between the non-signatory and a signatory to the arbitration agreement, and (2) the claims against the non-signatory are "intimately founded in and intertwined with" the underlying contract obligations, such that allowing the plaintiff to avoid arbitration would amount to "strategic pleading" to circumvent an otherwise applicable arbitration agreement.[34] The inquiry is fact-intensive and focuses on the "tight relatedness of the parties, contracts, and controversies."[35]

Although the Texas Supreme Court has only "intimated" the validity of intertwined claims

---

[32] Dkt. No. 11, at 4.
[33] Dkt. No. 11, at 5 (citing Dkt. No. 10, at 5).
[34] *Hays v. HCA Holdings, Inc.*, 838 F.3d 605, 610 (5th Cir. 2016) (citing *In re Merill Lynch Trust Co., FSB*, 235 S.W.3d 185, 193–94 (Tex. 2007).
[35] *Hays*, 838 F.3d at 610 (citation omitted).

estoppel, the Fifth Circuit has predicted that, if squarely presented with the issue, it "would adopt intertwined claims estoppel."[36]

Here, the Court finds a clear, close relationship between USAA and the Severance Plan, which exists solely to provide severance benefits to USAA employees. Plaintiff's complaint treats "USAA and the Plan" collectively as "Defendants" and alleges a single, unified course of conduct, such that it is not apparent which entity performed which specific acts in "excluding protected military service periods from severance calculations, and refusing to pay contingent financial terms upon Plaintiff's return from military duty."[37] The central question of whether USAA and the Severance Plan deprived Plaintiff of rights and benefits because of his military service is inextricably tied to the employment relationship and the severance promises arising from that relationship. Given this tight relatedness of parties, contract, and controversy, the Court concludes that allowing Plaintiff to arbitrate against USAA while litigating the same severance-miscalculation theory against the Plan in court would be precisely the sort of strategic pleading intertwined-claims estoppel is meant to prevent, and the claims against the Plan must therefore proceed in arbitration.

"[W]hen a federal court finds that a dispute is subject to arbitration and a party has requested a stay of the court proceeding pending arbitration, the FAA compels the court to stay the proceedings."[38] Plaintiff has not requested a stay of proceedings in the event arbitration is compelled. Defendants, for their part, ask the Court to compel arbitration and dismiss this action, seeking a stay only in the alternative. As the parties' arbitration agreement is mandatory, encompasses all litigable issues asserted by Plaintiff, and expressly waives the right to a jury trial,

---

[36] *Hays*, 838 F.3d at 612 (quoting *Merrill Lynch*, 235 S.W.3d at 191).
[37] Dkt. No. 1, at 14.
[38] *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

there is no reason for the Court to retain this case on its docket.

### III.    CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Arbitration will proceed in Plaintiff's county of residence or in another location agreed on by the parties, in accordance with the arbitration agreement. All deadlines and conferences in this case are **CANCELLED**. This case is **TERMINATED** and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE this 18th day of May, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE